<u>**NOT FOR PUBLICATION**</u>
**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DONALD D. HIGGS, | |
| Plaintiff, | Case No. 23-23402 (BRM) (CLW) |
| v. | OPINION |
| DEPARTMENT OF CORRECTIONS, *et al.* | |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* plaintiff Donald D. Higgs' ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* ("IFP") (ECF No. 5). Based on his affidavit of indigence (ECF No. 5), the Court grants him leave to proceed IFP and orders the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Complaint is dismissed in its entirety.

**I. BACKGROUND**

The Court construes the allegations in the Complaint as true for the purposes of this Opinion. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Plaintiff is a prisoner confined at Northern State Prison in Newark, New Jersey. (*See* ECF No. 1.) Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against (1) New Jersey Department of Corrections, (2) Commissioner Victoria L. Kuhn, (3) Corrections Officer M. Chery, (4) Special Investigations Division Investigator Noreen McCallum, (5) Special Investigations Division

Investigator Brian Bostick, (6) Disciplinary Hearing Officer G. Nolley, (7) Assistant Superintendent Fathom Borg, (8) Administrator Patrick Nogan, (9) Administrator Patricia McGill, (10) Community Correspondence Officer John/Jane Doe, (11) Ombudsman Annissa Farrell, (12) Ombudsman Megan Farrell, (13) Prison Rape Elimination Act Auditor Darren Bryant, (14) New Jersey Office of the Attorney General, and (15) New Jersey Coalition Against Sexual Assault Unit Michell Brown. (*Id.* at 10-12.)

In the Complaint, Plaintiff alleges that he filed grievances after he was "the victim of voyeurism," which resulted in false infractions and sanctions manufactured by Defendants. (*Id.* at 5.) Plaintiff submits on October 26, 2021, Defendant Corrections Officer M. Chery, opened the shower curtain for several seconds while Plaintiff was showering. (*Id.* at 5-6.) Plaintiff grieved this incident. (*Id.* at 6.) Plaintiff alleges on November 7, 2021, Defendant M. Chery stopped Plaintiff on his way outside for recreation and stated that he had to search Plaintiff. (*Id.*) Plaintiff stated to Defendant M. Chery, "you know I just filed a grievance against you," and then asked that the Sergeant be called. (*Id.*) After a Sergeant and Lieutenant arrived, Plaintiff was placed in handcuffs and placed in prehearing detention for refusing a search. (*Id.*) Plaintiff was held in detention for eight days before being sanctioned to thirty-day loss of recreation, one-hundred-and-twenty-days of restricted housing, and sixty-day loss of job detail. (*Id.*)

Plaintiff alleges that shortly thereafter, he contacted the Office of the Attorney General, Prison Rape Elimination Act ("PREA") number and was told that he was not permitted to call that number. (*Id.* at 6-7.) Plaintiff alleges that he could hear someone directing "defendant fifteen" in what to say to Plaintiff.[1] (*Id.* at 7.) Plaintiff alleges Defendant Darren Bryant, PREA Auditor of

---

[1] The Complaint lists "defendant fifteen" as Michell Brown, New Jersey Coalition Against Sexual Assault Unit. (ECF No. 1 at 12.)

Correctional Management and Communications Group, LLC, came to Northern State Prison to investigate. (*Id.*) Plaintiff submits that Defendant Darren Bryant informed Plaintiff that he would investigate the incident, however, Plaintiff was never contacted by Defendant Bryant again. (*Id.*) On October 27, 2022, Plaintiff met with the Special Investigations Division ("SID"), and the incident was downplayed, the video of the interview was not preserved, and he was never informed of the outcome the investigation. (*Id.* at 5.)

Plaintiff seeks monetary compensation.

## II. STANDARD OF REVIEW

### A. *In forma pauperis* complaints

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d

3

203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## III. DECISION

### A. Entity Defendants

Plaintiff names the New Jersey Department of Corrections and the New Jersey Attorney General's office as Defendants. Liability under 42 U.S.C. § 1983 is limited to "persons." "Neither states, nor their departments and agencies . . . are 'persons' within the meaning of Section 1983." *Goode v. N.J. Dep't of Corr.*, No. 11-6960, 2015 WL 1924409, at *10 (D.N.J. April 28, 2015); *see*

4

*also Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (State department of corrections and state prison facilities are not "persons" under § 1983). As the Department of Corrections and the Office of the Attorney General for the State of New Jersey are not a "person" amenable to suit under § 1983, Plaintiff's claim against the Department of Corrections and the Office of the Attorney General for the State of New Jersey must be dismissed with prejudice.

### B. Personal Involvement

The Complaint names 1) Commissioner Victoria L. Kuhn, (2) Special Investigations Division Investigator Noreen McCallum, (3) Special Investigations Division Investigator Brian Bostick, (4) Disciplinary Hearing Officer G. Nolley, (5) Assistant Superintendent Fathom Borg, (6) Administrator Patrick Nogan, (7) Administrator Patricia McGill, (8) Community Correspondence Officer John/Jane Doe, (9) Ombudsman Annissa Farrell, and (10) Ombudsman Megan Farrell as Defendants in this matter. (*Id.* at 10-12.) However, these Defendants are not named in the body of the Complaint. Plaintiff fails to include any allegations against these Defendants. (*See id.* at 5-7.)

For liability under § 1983 to attach, a defendant must have personal involvement in a constitutional violation. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Plaintiff has failed to allege personal involvement by these Defendants. Therefore, any claim against 1) Commissioner Victoria L. Kuhn, (2) Special Investigations Division Investigator Noreen McCallum, (3) Special Investigations Division Investigator Brian Bostick, (4) Disciplinary Hearing Officer G. Nolley, (5) Assistant Superintendent Fathom Borg, (6) Administrator Patrick Nogan, (7) Administrator Patricia McGill, (8) Community Correspondence Officer John/Jane Doe, (9) Ombudsman Annissa

Farrell, and (10) Ombudsman Megan Farrell are dismissed without prejudice as a matter of law for lack of personal involvement. *See Iqbal*, 556 U.S. at 676.

### C. Failure to State a Claim - Sexual Abuse

The Court construes the Complaint as raising a claim for sexual abuse against Defendant Corrections Officer M. Chery ("Chery"). Plaintiff alleges on October 26, 2021, Defendant Chery opened the shower curtain for several seconds while Plaintiff was showering. (*Id.* at 5-6.)

Sexual abuse and harassment violate an inmate's rights under the Eighth Amendment, which prohibits cruel and unusual punishment. *See* U.S. Const. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."); *Ricks v. Shover*, 891 F.3d 468, 473 (3d Cir. 2018) ("Today, we join numerous sister Circuits in holding that prison sexual abuse can violate the Constitution." (citations omitted)). Claims for sexual abuse and harassment are evaluated similarly to excessive force claims in that the prisoner must allege facts plausibly establishing both objective and subjective components. *See id.* at 475 ("[W]e conclude that the test will turn on an analysis of a subjective and an objective component. That is, the incident must be objectively, sufficiently intolerable and cruel, capable of causing harm, and the official must have a culpable state of mind."). Regarding the subjective component, the court "consider[s] whether the official had a legitimate penological purpose or if he or she acted 'maliciously and sadistically for the very purpose of causing harm.'" *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). Concerning the objective component, the court considers whether the defendant's action is "repugnant to the conscience of mankind" or whether it is "sufficiently serious or severe." *Id.* at 475, 477 (citations omitted). Also, "not . . . every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

6

Here, Plaintiff fails to state a plausible cause of action under the Eighth Amendment for sexual abuse against Defendant Chery. Plaintiff alleges only that Defendant Chery pulled back the shower curtain for several seconds. The Complaint contains no allegations that Defendant Chery was looking at Plaintiff, made sexual comments to Plaintiff, touched Plaintiff, or threatened Plaintiff. The facts alleged in the Complaint fails to plausibly state either the objective or subjective components of a sexual abuse claim. Therefore, Plaintiff's sexual abuse claim against Defendant Chery is dismissed without prejudice.

### D. Failure to State a Claim - Retaliation

The Complaint appears to raise a claim that Defendant Chery retaliated against Plaintiff for filing a grievance regarding the shower curtain incident.

"Retaliating against a prisoner for the exercise of his constitutional rights is unconstitutional." *Bistrian v. Levi*, 696 F.3d 352, 376 (3d Cir. 2012); *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990) ("Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983."). To state a claim for retaliation, a plaintiff must allege that: "(1) he engaged in constitutionally protected conduct[;] (2) he then suffered some adverse action caused by prison officials; and (3) a causal link existed between the protected conduct and the adverse action." *Obiegbu v. Werlinger*, 581 F. App'x 119, 122 (3d Cir. 2014) (citing *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)). The filing of grievances is protected conduct under the First Amendment. *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (stating that filing of prison grievances constitutes protected conduct failing within ambit of First Amendment).

Here, Plaintiff fails to plead sufficient facts to show Defendant Chery retaliated against him. Plaintiff alleges following his filing of a grievance, Defendant Chery informed Plaintiff that

he needed to search Plaintiff before Plaintiff went outside for recreation. (ECF No. 1 at 6.) Plaintiff submits that he stated to Defendant Chery "you know I just filed a grievance against you" and then asked that the Sergeant be called. (*Id.*) Plaintiff fails to provide facts to show Defendant Chery was aware of the grievance prior to telling Plaintiff he had to search him. Plaintiff has failed to provide sufficient facts showing a casual connection between his grievance and Defendant Chery's search request. Accordingly, this claim is dismissed without prejudice.

### E. Failure to State a Claim - Failure to Investigate

The Court construes the Complaint as raising claims against Defendants Darren Bryant and Michell Brown for failing to adequately investigate Plaintiff's complaints. (*See* ECF No. 1 at 6-7.) Laxity in investigation, however, does not amount to a violation of an inmate's constitutional rights. *See Graw v. Fantasky*, 68 F. App'x 378, 383 (3d Cir. 2003) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim.") (quoting unpublished district court opinion) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-96 (1989)); *see also Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005) (prisoners do not have a constitutionally protected right to a prison grievance process). Accordingly, Plaintiff's claims against Defendants Bryant and Brown for failure to investigate will be dismissed without prejudice for failure to state a claim.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's claims against the Department of Corrections and the Office of the Attorney General for the State of New Jersey are dismissed with prejudice and the remainder of the Complaint is dismissed without prejudice. Plaintiff has thirty days to file an amended complaint if he chooses to cure the deficiencies discussed above. An appropriate Order follows.

Dated: March 29, 2024

                                    */s/ Brian R. Martinotti*
                                    **HON. BRIAN R. MARTINOTTI**
                                    **UNITED STATES DISTRICT JUDGE**